CPS-199                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1034
_____

JULIO PEREZ,
   Appellant
v.

FCI MCKEAN, WARDEN
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00033E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2005

Before: ALITO, McKEE and AMBRO, Circuit Judges

(Filed June 29, 2005)

_____

OPINION
_____

PER CURIAM

   Julio Perez, a prisoner who proceeds *pro se*, appeals from the denial of his petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 2241, he sought restoration of Good Time Credits that he lost when he was sanctioned in a prison disciplinary proceeding for

marijuana use while incarcerated. Perez claimed that his due process rights were violated in the disciplinary hearing because his request to have a second urine test performed was denied. He maintained, in the hearing and in his petition, that medication he was taking caused a false positive result for THC metabolite (which indicates marijuana use). The District Court, adopting the Report & Recommendation of the Magistrate Judge, held that Perez was not deprived of due process of law because some evidence supported the finding that Perez used marijuana while incarcerated. Perez appeals and moves for appointment of counsel. The government has filed a motion for summary affirmance. Because no substantial question is presented on appeal, we will summarily affirm.

Perez was not denied due process of law in the prison disciplinary proceeding. As a prisoner facing a deprivation of a liberty interest in a prison disciplinary hearing, Perez was entitled to procedures sufficient to ensure that his interest in his Good Time Credits was not arbitrarily abrogated. *See Wolfe v. McDonnell*, 418 U.S. 539, 557 (1974). Specifically, he had to be afforded the following procedural protections:

> (1) an impartial tribunal; (2) advance written notice of the charges and underlying evidence; (3) an opportunity to call witnesses and present documentary evidence (to the extent compatible with the needs of the prison); (4) aid from a fellow inmate or staff representative, if Perez were illiterate or if the issues were complex; and (5) a written statement by the factfinders describing the evidence relied on and the reasons for disciplinary action taken.

*See id.* at 563-72. In addition, to comport with the requirements of due process, the decision of the disciplinary hearing board had to be supported by some evidence. *See*

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  Perez based his challenge to the prison's decision on his claim that he was prevented from presenting evidence in the disciplinary proceeding to show that the medication he was taking at the time caused a false positive result for THC metabolite.

Perez was able to present evidence to substantiate his theory of a false positive result.  He testified in his own defense, and maintained that he had not used marijuana since 1979.  He noted that a physician on the prison's staff, Dr. Beam, told him that his medication could produce a false positive result for THC metabolite.  Dr. Beam testified that he contacted the prison pharmacist to determine whether the assay used in the urine test at issue could have caused a false positive result.  Dr. Beam reported that the pharmacist told him that, according to the "Central Office," the medication would not cause a false positive with the assay used.  Perez also testified that he had previously been apprised of the possibility of a false positive result for THC metabolite when he was an out-patient in a drug rehabilitation center in New York.  In the District Court, but not in the prison disciplinary proceeding, Perez submitted medical records from that center to substantiate his testimony.  In the medical records, a laboratory toxicologist's report noted that the medication that Perez takes could cause a false positive for THC metabolite.  The medical records, which cite a possibility, not a certainty, of a false positive result, merely duplicate evidence presented in the disciplinary hearing.

Perez also maintained that his urine should have been tested using a different

3

assay, and that he should have been permitted to present the results of that test. Although he presents evidence that he asked Dr. Beam if a different test could be performed, and requested in his prison appeal that his urine sample be retested, there is no evidence that he made a request to prison disciplinary officials that a second analysis be performed and that the results be presented as evidence during the initial disciplinary hearing. Thus, even if he did not present all the evidence he wished to present, he did not show that he was deprived of the opportunity to do so.

Moreover, although some evidence supported the claim that the urine test gave a false positive result, some evidence supported the conclusion reached in the disciplinary proceeding, which is all that is required. Perez was afforded due process of law in the disciplinary proceeding. The District Court's order will be affirmed. The motion for appointment of counsel is denied.